[No. 4908.]

WELLS v. BAKER, ADMR. DE BONIS NON, ETC.

1. **Appellate Practice—Guardian and Ward—Omission of Trial Court—No Request Made Below.**

In an action by a ward against the administrator of her guardian to recover a balance due her, she cannot effectually urge on error the failure of the trial court to make a statement of account showing what items of charge against the guardian were made, and what items of credit allowed, when she made no request for such statement.—P. 151.

2. **Appellate Practice — Admission of Evidence — Harmless Error.**

Where the court received evidence offered by plaintiff, subject to any proper objection to be thereafter made, on error plaintiff is not in position to urge that such evidence is incompetent and immaterial, especially as she is not injured thereby, and, if it should be rejected, no evidence would remain in the record upon which any judgment whatever could be given in her favor.—P. 151.

*Error to the County Court of Fremont County.
Hon. Kent L. Eldred, Judge.*

Action by Clara E. Wells against George A. Baker, administrator *de bonis non.* From a judgment for less than her demand, plaintiff brings error.
       *Affirmed.*

Mr. E. T. WELLS and Mr. JNO. H. CHILES, for plaintiff in error.

Mr. CHAS. E. WALDO and Mr. CLYDE C. DAWSON, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Joseph H. Wells died, leaving a widow and his minor children, George T. Wells and Clara E. Wells, as heirs. Thomas S. Wells, a brother of Joseph H., was appointed by the county court of Saguache county guardian of these minors, and so acted until his death in January, 1903. In 1899 he made a settlement with George T. Wells, who then attained his majority, and paid to George what was due him from his father's estate, and which the guardian had collected, and received George's receipt for the same and discharge from all liability. No settlement of the guardianship was made with Clara E. Wells by the guardian, but it remained unadjusted at the time of his death. Fred A. Raynolds was appointed by the county court of Fremont county administrator of the estate of Thomas S. Wells, deceased; and Clara E. Wells, after she reached her majority, exhibited her claim therein against Raynolds, as such administrator, for the balance which she claimed to be due from the estate of the deceased guardian. Raynolds died before he had fully administered upon it, and George A. Baker was appointed administrator *de bonis non* thereof, and, by stipulation of the parties, Baker, in his representative capacity, has been substituted as defendant in error here in place of Raynolds, deceased.

The county court made findings in favor of the plaintiff, and gave her a judgment in the sum of $1,281.85 as the balance due her from her guardian's estate, from which judgment she brings the case here by writ of error.

The evidence, which is indefinite, somewhat voluminous and complicated, consists of the oral evidence of plaintiff's mother and of two or three other witnesses, but largely and principally, so far as the

material questions are concerned, of statements or reports filed by the guardian during his lifetime in the county court of Saguache county, and of an account book designated in the record as "Claimant's Exhibit No. 6," which seems to be a personal account of the guardian's receipts and disbursements.

The plaintiff in error complains of the judgment, first, that the trial court failed to make any statement of account at all, and concedes that it is difficult for this court intelligently to reconsider its action in the absence of a statement showing what items of charge against the guardian were made, and what items of credit allowed. The point is pertinent, and such failure is to be regretted, but not necessarily reversible error, for the record does not show that claimant ever made a request therefor, and she is not in a position to urge the objection with the effect which it would have where the party urging it is free from fault.

Another error assigned is, that the court received immaterial and incompetent evidence, the specific objection being that the statements of account filed by the guardian in the county court—made, as it is alleged they were, in the absence of the ward—and the account found in a private book of the guardian after his death and heretofore referred to as "Claimant's Exhibit No. 6," were incompetent and inadmissible for any purpose to charge this claimant.

If it be true that such evidence is incompetent, we fail to comprehend how the claimant has been injured, or upon what grounds she can urge the objection. She, herself, introduced this evidence, subject to any proper objection she might thereafter urge. But if these statements and this book be rejected from the case, there is no other evidence in

the record upon which any judgment whatever could be given in her favor. Both parties, as appears from the briefs, were obliged to rely upon this class of evidence, for the guardian was dead, and neither the claimant nor any of her witnesses knew the state of his account.

Other specific objections are, that the court allowed the guardian credit for items which he was not entitled to receive; that it gave the guardian allowances for certain expenditures he made in behalf of his ward without any evidence that they were necessary or expedient, and failed to charge the guardian with interest upon amounts belonging to his ward, which he had received and had not accounted for.

We observe that we get but little, if any, assistance, either from the principal or reply brief of counsel for plaintiff in error, upon the specific assignments of error. It is fair, however, to say, what an examination of the evidence makes manifest, that this is due, not to any lack of diligence on the part of counsel, but to the absence of anything in the record that enables them to give it. We have scrutinized carefully, assisted by the elaborate and systematic brief of counsel for defendant in error, the evidence consisting of the guardian's statements, and we are unable to discover any material error committed by the county court in arriving at the true balance due the claimant. In the reply brief, plaintiff in error certainly has failed to point out any error or mistake of consequence in the statement of the complicated account as made by counsel for defendant in error, and we have been unable to detect any.

In arriving at the conclusion that the judgment of the county court must be affirmed, we have not been unmindful of the strict rules applicable to

guardians. and those occupying similar fiduciary
relations. We have given to the claimant the bene-
fit of every reasonable doubt that counsel for plain-
tiff in error have raised or suggested, and scruti-
nized the account to see wherein, if at all, the county
court violated any principle of equity that governs
such cases. Indeed, as we view the accounts, if any
error at all was committed by the trial court, it was
in favor of, rather than against, the claimant.

The judgment must be affirmed.   *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE
concur.